CARY v. CARY et al.

(Supreme Court, Appellate Division, First Department. October 21, 1904.)

1. ATTORNEYS—SUBSTITUTION—FEES.

　　Where plaintiff's attorney, in an action for divorce, after obtaining an order allowing counsel fees of $250 pendente lite, and preparing the case for trial, refused, "for reasons satisfactory to himself," to further act as her attorney in the matter, plaintiff was entitled to an order of substitution, without payment of an additional sum for fees.

Appeal from Special Term, New York County.

Action by Minnie A. Cary against Arthur L. Cary. From an order granting plaintiff's motion for a substitution of attorneys only on condition of paying Charles F. Brandt, her former attorney, a sum specified, she appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Henry A. Uterhart, for appellant.
Charles F. Brandt, for respondent.

PATTERSON, J. The plaintiff appeals from an order made upon her application for a substitution of attorneys to represent her in this action, which was instituted to procure a divorce from her husband. The attorney who brought the action for her had applied to the court for counsel fees, and was awarded the sum of $250, which seemingly was paid by the defendant. The action was begun in August, 1903, and was ready to be put upon the calendar for trial in December of that year. In June, 1904, the plaintiff obtained an order from the court requiring her then attorney to show cause why other attorneys should not be substituted in his place, and in the affidavit upon which that order was granted it was shown that her then attorney had virtually abandoned the cause. In her affidavit is incorporated a letter, signed by the attorney, in which he says that for reasons satisfactory to himself he declined to advise the plaintiff any more, and that her objection to his conduct in not putting the case on the calendar was "enough to justify any attorney to cease his relations; the mutual confidence which each had in the other, looking to the success of the action, having ended solely through your own conduct, the result can be no other than a change of attorneys." On the return of the order to show cause, the attorney insisted that as a condition of a substitution he was entitled to additional compensation, and the court, entertaining that view, made the order appealed from, by the terms of which the motion is granted upon condition of the plaintiff paying to the at-

torney an additional sum of $100 within a specified time, and if that condition is not complied with, then the motion for a substitution is denied.

The motion for a substitution should have been granted unconditionally. The attorney had already received an allowance from the court, which was deemed sufficient at the time it was made as a counsel fee pendente .lite. But irrespective of any question of the value of his services, the attorney, in the attitude he took to his client, is not entitled, under the circumstances appearing here, to any further compensation. He expressly notified her that for reasons which were satisfactory to himself the relation of attorney and client between them must cease. Thereupon she, as she had the right to do, sought the assistance of other lawyers, and in so doing merely acted upon a situation which the attorney had himself created. He thus abandoned the plaintiff's case. His employment was an entire one, and where an attorney, without justifiable cause, abandons the service for which he was employed, he cannot recover compensation. Bathgate v. Haskin, 59 N. Y. 533–535. Here justifiable reason for abandoning the case was not shown by proof made by the attorney or otherwise.

The order appealed from should be modified by striking out the provision concerning the payment of additional compensation to the attorney, and granting the motion for a substitution, with costs to the plaintiff of this appeal. All concur.